IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN THE MATTER OF THE
COMPLAINT OF DOROTHY
M. LINTON, as Administratrix
of the Estate of Richard Allen                    CAUSE NO. 1:12CV22-LG-JMR
Linton, owner of a Sea Fox
Vessel, for Exoneration from
or Limitation of Liability

MEMORANDUM OPINION AND ORDER
DENYING CLAIMANT'S MOTION TO LIFT STAY

**BEFORE THE COURT** is the Motion to Lift Stay [9] filed by Claimant Courtney Davis, who was injured in a boating accident in the Gulf of Mexico. On January 24, 2012, this Court entered an Order Restraining Suits [2] that stayed the prosecution of all lawsuits against the Sea Fox vessel involved in Davis' accident as well as the owners and insurers of that vessel. Davis has submitted two proposed stipulations to the Court in support of her request that the stay be lifted. The owner of the vessel and others oppose Davis' Motion. Upon reviewing the submissions of the parties and the applicable law, the Court finds that because all of the claimants have not joined in the proposed stipulations submitted by Davis, the stay should not be lifted,

BACKGROUND

On July 15, 2011, Courtney Davis and Richard Allen Linton were traveling on a 2000 Sea Fox vessel owned by Linton. Davis noticed that Linton was having difficulty steering the vessel. Soon afterwards, Davis and Linton were thrown from the vessel, which was spinning rapidly in circles. Davis was struck by the vessel,

resulting in serious, permanent injuries including the amputation of one of her legs. Linton died in the accident. On November 4, 2011, Davis filed a lawsuit in the Circuit Court of Jackson County, Mississippi, against Linton's Estate as well as the manufacturers, designers, assemblers, installers, distributors, and sellers of the vessel and its individual parts. She claims that the failure of the vessel's steering cable caused the accident.

On January 24, 2012, Linton's Estate filed this limitation of liability action, and the Court entered its Order Restraining Suits [2]. The Estate claims that the vessel was only worth $7000.00. Davis filed a claim and the present Motion to Lift Stay. The following co-defendants from Davis' state court lawsuit also filed claims in this limitation action, seeking indemnification, contribution, attorneys' fees, and costs from the Estate: Sea Fox Boat Company, Bombardier Recreational Products, Inc., and TM Acquisition Holdings, Inc.

Davis has submitted a stipulation signed only by her lawyer. In the stipulation, she agrees that the Estate has the right to litigate all issues relating to limitation of liability in this Court, but she reserves the right to contest all assertions made by the Estate in this action. Davis also states that she will not seek any judgment or ruling on the issue of the Estate's right to limitation of liability in the state court action. She agrees to waive any claim of res judicata relevant to the limitation of liability issue as a result of any judgment entered in the state court action. Davis does not concede that the vessel was worth only $7000.00, but she agrees not to seek enforcement of any judgment or recovery in

excess of that amount until after the limitation of liability issue is adjudicated in this Court. Davis has submitted a supplemental stipulation that provides:

> Courtney Davis agrees and stipulates that in the event that the limitation petitioner is held to be responsible to any third party, including the respondents, for indemnity or contribution or for attorney's fees, costs and expenses in her favor or in favor of any third party, including the respondents, then such claims shall have priority over her claims, and in no event will she seek to enforce any judgment or recovery in her favor insofar as same may expose petitioner to liability in excess of the limitation fund.

(Pl.'s Reply, Ex. 1, ECF No. 23-1). The supplemental stipulation is signed by Davis' lawyer. None of the other parties signed Davis' stipulation or supplemental stipulation.

## DISCUSSION

The Fifth Circuit has held:

> In mediating between the right of shipowners to limit their liability in federal court and the rights of claimants to sue in the forum of their choice, federal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's rights to limitation has been determined by the federal court. In both instances, allowing the state court action to proceed is contingent on protecting the "absolute" right of the shipowner to limit his or her liability.

*Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). Parties seeking contribution, indemnity, and attorneys' fees are considered separate "claimants" under the Limitation Act. *Id.* at 675; *In re Compl. of Port Arthur Towing, Co.*, 42

F.3d 312, 316 (5th Cir. 1995). All claimants, including those seeking indemnity, contribution, and attorneys' fees, must sign a stipulation protecting the shipowner's rights under the Limitation Act before the federal district court can lift the stay and permit the claimants to proceed in state court. *Id.*

In the present lawsuit, it is undisputed that the claims asserted exceed the vessel owners' declared value. It is further undisputed that the claimants seeking indemnity, contribution, and attorneys' fees have not signed either of the stipulations presented by Davis. Nevertheless, Davis argues that her stipulations are sufficient to protect the interests of Linton's Estate. In support of her assertion, she relies on *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996). In *Beiwenger*, the Eleventh Circuit held that the following stipulation was sufficient to protect the interests of the vessel owner even though co-defendants seeking indemnity and contribution had not agreed to the stipulation:

> That the Respondent/ Claimants will not seek to enforce any judgment rendered in any state court, whether against the Petitioner or another person or entity that would be entitled to seek indemnity or contribution from the Petitioner by way of cross-claim or otherwise, that would expose the Petition [sic] to liability in excess of $40,090.00 until such time as this Court has adjudicated the Petitioner's right to limit that liability.

*Id.* at 1043.

This Court has not located any Fifth Circuit authority providing that a stay may be lifted where fewer than all claimants have joined in a protective stipulation. All Fifth Circuit cases addressing this issue clearly and unequivocally state that all claimants must agree to the protective stipulation. This Court has no authority to

carve out an exception to existing Fifth Circuit law on this issue. Furthermore, the Court is concerned that the stipulations presented by Davis do not fully protect the Estate. Her stipulations merely establish the priority of the contribution and indemnity claims over her claim but do not establish the priority of the other claimants' separate and competing claims for attorneys' fees, costs, contribution, and indemnification. The Court is concerned that the claim submitted by any one party may fully exhaust or exceed the alleged $7000.00 value of the vessel, which could hinder the Estate's right to limit its liability. As a result, this Court cannot lift the stay of Davis' lawsuit against the Estate.

## CONCLUSION

For the foregoing reasons, the Court finds that the Motion to Lift Stay should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Lift Stay [9] filed by Claimant Courtney Davis is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 21st day of June, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE